IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SCOTT HALLOWOOD, <br><br> Plaintiff, <br><br> vs. <br><br> ATLAS VAN LINES, INC., a Delaware State Corporation; EFFORT ENTERPRISES OF LOS ANGELES, LLC d/b/a ATLANTIC RELOCATION SYSTEMS; ELEMENT TRANSPORTATION ASSET TRUST, a Foreign Corporation; DARRYL CARTER and JANE DOE CARTER, individually and the marital community composed thereof, <br><br> Defendants. | No. <br><br> DEFENDANT DARRYL CARTER'S NOTICE OF REMOVAL |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE:**

PLEASE TAKE NOTICE that Defendant Darryl Carter hereby removes to this Court the State action described below in accordance with 28 U.S.C. §§ 1332, 1441, and 1466.

## I.   STATE COURT ACTION

1. The State Court action to be removed is *Scott Hallowood v. Atlas Van Lines, Inc., Effort Enterprises of Los Angeles, LLC d/b/a Atlantic Relocation Systems, Element Transport*

4831-1262-9896.1 DEFENDANT DARRYL CARTER'S NOTICE OF REMOVAL- 1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

*Asset Trust, Darryl Carter and Jane Doe Carter,* King County Superior Court, State of Washington Case No. 18-2-25335-7 KNT, to the United States District Court for the Western District of Washington, Seattle Division, on the grounds set forth herein.

2. Plaintiff had originally named Effort Enterprises of Indiana, Inc. ("EEII") d/b/a Atlantic Relocation Systems as a party defendant. (*See* Plaintiff Scott Hallowood's First Complaint for Personal Injuries and Damages– **Exhibit 1**). The parties subsequently stipulated to substitute EEII with the proper defendant, Effort Enterprises of Los Angeles, LLC ("EELA") d/b/a Atlantic Relocation Systems. (*See* Stipulated Motion for Leave to Amend Complaint and Change Caption – **Exhibit 2**). On February 19, 2019, the state court entered an order granting the parties' Stipulated Motion for Leave to Amend Complaint and Change Caption to substitute the proper party, EELA. (*See* Order on Stipulated Motion for Leave to Amend Complaint and Change Caption – **Exhibit 3**). Defendants were subsequently served with Plaintiff's Amended Complaint on February 26, 2019. (Plaintiff's Amended Complaint for Personal Injuries and Damages – **Exhibit 4**).

## II.   **TIME FOR REMOVAL**

3. Plaintiff initially filed this action in King County Superior Court, State of Washington on October 9, 2018. Plaintiff served Defendant Atlas Van Lines, Inc.'s ("Atlas") agent with the suit papers on or around November 13, 2018. Also on or around November 13, 2018, Plaintiff served the registered agent of EEII. Plaintiff served Defendant Element Transportation Asset Trust's ("Element") registered agent on or around November 23, 2018. On January 31, 2019, service of Plaintiff's Complaint and Summons was accepted on behalf of Defendant Darryl Carter by undersigned counsel.

Federal law provides for the procedure for removal of civil actions:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds of removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

4831-1262-9896.1 DEFENDANT DARRYL CARTER'S NOTICE OF REMOVAL- 2

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

28 U.S.C. § 1446(b)(1). Consequently, Mr. Carter has until March 4, 2019[1] to remove this case to Federal District Court, which is also within one year after commencement of the action. 28 U.S.C. § 1446(c)(1).

### III.  BASIS FOR REMOVAL

4.  A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

#### A.  Amount in Controversy

5.  Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Moreover, "[t]he notice of removal shall…set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount of this court…" LCR 101(a).

6.  The preponderance of the evidence standard was re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

7.  It is "facially apparent" from the nature of the claims alleged, and more likely

---

[1] Thirty days after acceptance of service on January 31, 2019 is March 2, 2019, a Saturday. Pursuant to FRCP 6(a)(1)(C), the deadline for removal is pushed back to Monday, March 4, 2019.

4831-1262-9896.1 DEFENDANT DARRYL CARTER'S NOTICE OF REMOVAL- 3

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes); *see also In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks damages for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement).

8.  Similar damage allegations in personal injury cases have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., Easterling v. SmithKline Beecham Corp.*, No. 2:05 CV 35 KS-KMR, 2006 WL 1581322 (S.D. Miss. 2006) (in pharmaceutical/personal injury case, where plaintiff alleged serious and permanent injuries, mental anguish, medical expenses, loss of earnings and future earnings, pain and suffering, and sued for compensatory and punitive damages, it was facially apparent from face of complaint that plaintiff's damages allegations exceeded jurisdictional threshold of the court; motion for remand denied); *accord Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 709-712 (S.D. Miss. 2004).

9.  The face of Plaintiff's Complaint does not establish that Plaintiff seeks damages in excess of $75,000. However, Plaintiff alleged he was rear-ended by a vehicle (tractor-trailer) operated by Defendant Carter and "was hit so hard, his vehicle was shoved into the vehicle

4831-1262-9896.1 DEFENDANT DARRYL CARTER'S NOTICE OF REMOVAL- 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

ahead of him before it was thrown across ail lanes of traffic and was sent crashing into the cement barrier," causing him to be severely injured. Complaint and Amended Complaint, ¶¶ 2.3-2.4; 4.1. Allegedly, these injuries "together with pain, discomfort and limitation of movement, prevail and will continue to prevail for an indefinite time into the future for plaintiff." *Id.*, ¶ 4.1. Moreover, Plaintiff alleges it "is impossible at this time to fix the full nature, extent and severity and duration of said injuries, but they are alleged to be permanent, progressive and disabling in nature." *Id.*

10.   Plaintiff has provided written responses to interrogatories, indicating he has been diagnosed with multiple injuries, including but not limited to Avulsion Fracture of Medial Malleolus, Small Intestine Injury requiring small bowel partial colonic resection, Traumatic Brain Injury related symptoms, post-concussion syndrome, and Post Traumatic Stress Disorder. Plaintiff also stated he is continuing to receive medical treatment and known medical expenses so far include:

| | |
|---|---|
| American Medical Response | Will be Supplemented |
| Harborview Medical Center | $65,333.07 |
| UW Physicians | $11,916.80 |
| Kansas City VA Medical Center | Will be Supplemented |

11.   Based on the nature of the damages alleged in the Complaint, which include medical expenses, "other expenses to be proved at the time of trial," and general damages, Defendant has a good faith belief the damages sought by Plaintiff arising from the incident described in Plaintiff's Complaint is in excess of the $75,000 threshold. LCR 101(a). *See also Singer, Del Real, supra.* Indeed, the claimed expenses from two medical providers already total $77,249.87, which exceeds the jurisdictional amount.

### B. Diversity of Citizenship

12.   This is a claim for personal injury arising from alleged damages due to "acts...within King County, Washington." (Ex. 1, ¶ 1.1).

4831-1262-9896.1 DEFENDANT DARRYL CARTER'S NOTICE OF REMOVAL- 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

13. A party may allege diversity jurisdiction upon "information and belief" where the facts supporting jurisdiction are not "reasonably ascertainable," and in "'unusual circumstances,' a party need not affirmatively allege the citizenship of an opposing party." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). Plaintiff's Complaint asserts that Plaintiff is a resident of Washington state. (Ex. 1, ¶ 1.2; Ex. 3, ¶ 1.2 ). "The determination of a litigant's state citizenship for purposes of diversity jurisdiction is a matter of federal law...[and] although it is settled that citizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather than residence, considerations on which federal courts rely in determining domicile often derive from state choice-of-law rules that have been developed in such diverse contexts as probate jurisdiction, taxation of incomes or intangibles, or divorce law." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. Ohio 1973) (internal citations omitted). "To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (internal citations omitted). In order to be "domiciled" within a particular state, a "person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Gilbert v. David*, 235 U.S. 561, 569-70, 35 S. Ct. 164 (1915). Plaintiff identifies his place of residence as Puyallup, Pierce County, Washington. (Ex. 1, ¶ 1.2, Ex. 3, ¶ 1.2). Upon information and belief, Defendant asserts Plaintiff is domiciled in Washington, and thus, is a citizen of the State of Washington.

14. Defendant Carter is and was at all relevant times hereto an individual residing in California.

15. Defendant Atlas is and was at all relevant times hereto a Delaware corporation with its principal place of business located in Evansville, Indiana.

16. Defendant EELA is an was at all relevant times hereto a Georgia limited liability company with its principal office in located in Atlanta, Georgia.

4831-1262-9896.1 DEFENDANT DARRYL CARTER'S NOTICE OF REMOVAL- 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

17. Defendant Element is and was at all relevant times hereto a Delaware entity with its principal place of business located in Horsham, Pennsylvania.

18. Removal of this action on the basis of diversity of citizenship is proper under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and all named defendants, and no defendant is a citizen of the forum State. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

19. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." This action was pending in King County Superior Court, State of Washington. Accordingly, under 28 U.S.C. § 1441(a), removal is proper to the United States District Court for the Western District of Washington, Seattle Division, because this district and division embraces King County. *See* LCR 3(e).

## IV. **REQUIRED DOCUMENTS**

20. Defendant will promptly file a copy of this Notice with the Clerk of King County Superior Court and will give written notice to all adverse parties. 28 U.S.C. § 1446(d).

21. In accordance with 28 U.S.C. § 1446 and LCR 101 (b)(1) and (3), attached and also filed as separate attachments and labeled accordingly are the following documents: Plaintiff's Complaint for Personal Injuries and Damages, Stipulated Motion for Leave to Amend Complaint and Change Caption, Order on Stipulated Motion for Leave to Amend Complaint, Amended Complaint for Personal Injuries and Damages, Defendant Atlas's Answer to Complaint for Personal Injuries and Damages and Defendant Element's Answer to Complaint for Personal Injuries and Damages.

22. To the extent necessary, Defendants will answer Plaintiff's Amended Complaint for Personal Injuries and Damages within 21 days. FRCP 81(c)(2).

23. Within 14 days of this Notice, Defendant will file with the United States District Court for the Western District of Washington, Seattle Division, black-and-white copies of all

4831-1262-9896.1 DEFENDANT DARRYL CARTER'S NOTICE OF REMOVAL- 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

additional records and proceedings in the State Court, together with counsel's verification that these are true and complete copies of all records and proceedings. LCR 101(c).

### V. CONSENT TO REMOVAL

24. Pursuant, to 28 U.S.C. § 1446(b)(2), all defendants who have been properly joined and served consent to the removal of this action.

WHEREFORE, Defendant Carter requests that the above-captioned action, *Scott Hallowood v. Atlas Van Lines, Inc., Effort Enterprises of Los Angeles, LLC d/b/a Atlantic Relocation Systems, Element Transport Asset Trust, Darryl Carter and Jane Doe Carter*, King County Superior Court, State of Washington Case No. 18-2-25335-7 KNT, be removed to the United States District Court for the Western District of Washington at Seattle.

DATED this 1st day of March, 2019.   LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Michael A. Jaeger, WSBA #23166
Keith M. Hayasaka, WSBA #51949
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
(206) 436-2020
Attorneys for Defendants

4831-1262-9896.1 DEFENDANT DARRYL CARTER'S NOTICE OF REMOVAL- 8

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

# DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington that I caused a true and correct copy of the foregoing DEFENDANT DARRYL CARTER'S NOTICE OF REMOVAL to be served via the methods below on this 1st day of March, 2019 on the following counsel/party of record:

| | |
|---|---|
| Viivi M. Vanderslice, WSBA #34990<br>BERNARD LAW GROUP, PLLC<br>900 Aurora Avenue North, Suite 100<br>Seattle, WA 98109<br>Telephone: (206) 298-9900<br><br>*Attorneys for Plaintiff* | ☒ via U.S. Mail, first class postage prepaid<br>☐ via Messenger Delivery<br>☐ via Overnight Delivery<br>☐ via King County Superior Court ECF<br>☐ via Facsimile: (206) 285-9400<br>☒ via E-mail: viivi@bernardlawgroup.com |

SIGNED THIS 1st day of March, 2019 at Seattle, Washington.

_____
Lynne Crane, Legal Secretary

4831-1262-9896.1 DEFENDANT DARRYL CARTER'S NOTICE OF REMOVAL- 9

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax